UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN C. HASSAN,<br><br>  Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OFFICE OF FOREIGN ASSETS CONTROL, et al.,<br><br>  Defendants. | No.  2:13-cv-1942-LKK-KJN<br><br><br>ORDER |

Presently pending before the court is plaintiff's motion for default judgment against defendant Corelogic Credco.  (ECF No. 47.)[1]  For the reasons discussed below, the court DENIES the motion without prejudice.[2]

According to the operative first amended complaint (ECF No. 38), plaintiff, a licensed attorney, doctor, and veterinarian, alleges that the United States Office of Foreign Assets Control ("OFAC") improperly put plaintiff on a designated terrorist list based on his Palestinian descent. According to plaintiff, several credit or consumer reporting agencies, including defendants Corelogic Credco, Equifax, Experian, and Transunion, then reported plaintiff's alleged listing as a designated terrorist on credit reports issued to lenders, banks, and other entities, resulting in

---

[1] The motion is before the undersigned pursuant to Local Rule 302(c)(19).

[2] The court finds the motion appropriate for resolution without oral argument pursuant to Local Rule 230(g).

1

plaintiff being denied credit, losing properties, losing income, being driven into bankruptcy, and losing his reputation in the medical and legal communities.  Plaintiff contends that the credit agencies failed to follow reasonable procedures and conduct proper investigations to ensure the accuracy of the information in their credit reports, failed to delete inaccurate information from their credit reports, and relied on sources known to be unreliable.  The first amended complaint asserts claims for violations of the federal Fair Credit Reporting Act, as well as state statutory and common law tort claims, against defendants Corelogic Credco, Equifax, Experian, and Transunion.[3]

After the Clerk of Court, upon plaintiff's request, entered defendant Corelogic Credco's default on April 3, 2014 (ECF No. 34), the instant motion for default judgment was filed on July 29, 2014 (ECF No. 41), and, on August 1, 2014, was noticed for a September 4, 2014 hearing before the undersigned.  (ECF No. 47.)  Plaintiff seeks a default judgment to be entered against defendant Corelogic Credco for an amount in excess of $100,000,000.00.

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.  It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote

---

[3] Plaintiff had previously also named OFAC, Adam Szubin (as director of OFAC), and Eric Holder (as Attorney General of the United States) as defendants, but they were dismissed from the case with prejudice on February 10, 2014.  (ECF No. 28.)

1  omitted) (citing Frow, 82 U.S. at 554).[4]  In In re First T.D. & Inv., Inc., the Ninth Circuit Court of
2  Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond
3  jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and
4  severally liable.  See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network
5  Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6,
6  2009) (unpublished) (observing that the rule from Frow "has been extended in cases even if the
7  defendants are not jointly liable, as long as they are similarly situated").

8  In this case, plaintiff's claims against all of the defendants are based on the same nucleus
9  of facts concerning the defendants' alleged reporting in their credit reports of plaintiff's listing as
10 a designated terrorist.  Indeed, plaintiff's claims against all named defendants are essentially
11 identical.  Furthermore, all of the other credit reporting agency defendants have appeared and are
12 defending themselves in the case.  Consequently, there is a significant risk of incongruous or
13 inconsistent judgments if the court were to grant a default judgment against defendant Corelogic
14 Credco at this juncture, but the other credit reporting agency defendants were to potentially later
15 prevail on the merits.

16 As such, the court denies plaintiff's motion for default judgment against defendant
17 Corelogic Credco, but without prejudice to its possible renewal at a subsequent, appropriate time.
18 The court expresses no opinion regarding the merits of plaintiff's motion or the case in general.

19 Accordingly, IT IS HEREBY ORDERED that:
20 1. The September 4, 2014 hearing on plaintiff's motion for default judgment is vacated.
21 2. Plaintiff's motion for default judgment against defendant Corelogic Credco (ECF Nos.
22    41, 47) is denied without prejudice.
23 IT IS SO ORDERED.

24 Dated:  August 22, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."  82 U.S. at 554.

3