UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN C. HASSAN, | No.  2:13-cv-1942-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| THE UNITED STATES OFFICE OF FOREIGN ASSETS CONTROL, et al., | |
| Defendants. | |

     Presently pending before the court is defendant Corelogic Credco, LLC's ("Corelogic") motion to set aside the Clerk of Court's entry of default against it. (ECF No. 49.) Plaintiff Allen C. Hassan has not opposed the motion in accordance with Local Rule 230(c).[1] For the reasons discussed below, the court GRANTS the motion.

     Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). The Ninth Circuit Court of Appeals has instructed that a court must consider three factors in determining whether or not good cause exists:  (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has no meritorious defense; and (3) whether setting aside the entry of

---

[1] After the deadline to file an opposition pursuant to Local Rule 230(c) expired, the motion was submitted on the record and without oral argument pursuant to Local Rule 230(g), and the September 18, 2014 hearing was vacated. (ECF No. 55.)

1

default would prejudice the other party.  See United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).  "This standard…is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."  Id.  "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Id.

In this case, Corelogic did not engage in culpable conduct leading to the default.  Indeed, Corelogic argues that it was never properly served with process, because Corelogic's agent for service of process in California, Corporation Service Company ("CSC") sent plaintiff a "Rejection of Service of Process," indicating that plaintiff had not properly identified the party to be served, and CSC thus never forwarded the process documents to Corelogic.  Notably, plaintiff did not mention in his request for entry of default or subsequent motion for default judgment that service of process had been rejected by CSC; nor did plaintiff serve the request for entry of default or motion for default judgment[2] on Corelogic.[3]  According to Corelogic, it did not learn of the action until August 2014, after which it promptly moved to set aside the entry of default.  In light of these arguments, which are unopposed by plaintiff, the court cannot conclude that Corelogic engaged in culpable conduct, even assuming *arguendo* that service of process was technically accomplished.

Additionally, although the court makes no determination regarding the merits of plaintiff's claims or any defense to such claims, the present record does not suggest that Corelogic has no potentially meritorious defense to plaintiff's claims.  Corelogic's present motion, unopposed by plaintiff, articulates at least some potential defenses to plaintiff's claims.

////

---

[2] For unrelated reasons, the court denied plaintiff's motion for entry of default judgment against Corelogic without prejudice on August 22, 2014.  (See ECF No. 51.)

[3] Counsel for Corelogic suggests that, if anyone engaged in culpable conduct, it was plaintiff, because plaintiff knew that Corelogic's present counsel had defended Corelogic in a previous lawsuit brought by plaintiff and thus could surmise that Corelogic would defend itself in this action, if Corelogic knew about it.  Corelogic contends that plaintiff's failure to at least contact counsel for Corelogic amounted to opportunistic gamesmanship.

Finally, setting aside the entry of default would not result in any significant prejudice to plaintiff. Plaintiff only relatively recently on July 15, 2014 filed his first amended complaint (ECF No. 38), and a pretrial scheduling order setting a trial date and pre-trial scheduling deadlines has not yet been entered. Plenty of time for discovery, motion practice, and other trial preparation remains. To be prejudicial, the setting aside of the entry of default "must result in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095; see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds, Egelhoff v. Egelhoff, 532 U.S. 141 (2001) ("merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment").

After carefully considering the relevant factors, and cognizant of the general public policy favoring disposition of cases on their merits, the court finds that good cause exists to set aside the Clerk of Court's entry of default against Corelogic.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Corelogic Credco, LLC's motion to set aside the Clerk of Court's entry of default against it (ECF No. 49) is GRANTED.
2. The Clerk of Court shall vacate the entry of default as to defendant Corelogic Credco, LCC, entered on April 3, 2014. (See ECF No. 34.)
3. Within 21 days of this order, defendant Corelogic Credco, LLC shall file a response to plaintiff's operative first amended complaint.[4]

IT IS SO ORDERED.

Dated: September 8, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] If Corelogic elects to file a motion pursuant to Federal Rule of Civil Procedure 12, such motion should be noticed before the assigned district judge, the Hon. Kimberly J. Mueller. Although plaintiff is representing himself, plaintiff is a licensed attorney admitted to the bar of this court. As such, this action has not been classified as a pro se action pursuant to Local Rule 302(c)(21).