1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN C. HASSAN,                          No.  2:13-cv-1942-KJM-KJN

12             Plaintiff,

13        v.                                    ORDER AND

14   CORELOGIC CREDCO, et al.,                  FINDINGS AND RECOMMENDATIONS

15             Defendants.

16

17

18

19   INTRODUCTION

20        Presently pending before the court are various motions to compel discovery filed by

21   defendants Experian Information Solutions, Inc. ("Experian") and Corelogic Credco, LLC

22   ("Corelogic").  (ECF Nos. 73, 74, 75, 76, 77.)  Additionally, the court previously directed

23   plaintiff Allen Hassan[1] to show cause why the action should not be dismissed based on plaintiff's

24   purported discovery conduct and failure to prosecute the case.  (ECF No. 78.)  The court specially

25   set a hearing on the pending motions to compel and the order to show cause for March 5, 2015,

26

27   _____

     [1] Although plaintiff represents himself in this action, plaintiff is a licensed attorney admitted to
28   the bar of this court and in active status with the California Bar.  As such, this action has not been
     designated as a *pro se* action.

                                              1

1    and plaintiff was ordered to personally appear at the hearing.  (Id.)

2            Plaintiff failed to file any response to the motions to compel or the court's order to show

3    cause.  At the March 5, 2015 hearing, attorney Heather Herd appeared in person on behalf of

4    Corelogic, Ann Rossum appeared telephonically on behalf of Experian, and Monica Katz-Lapides

5    appeared telephonically on behalf of non-moving defendant Trans Union, LLC ("Trans Union").[2]

6    Significantly, plaintiff failed to appear at the hearing.

7            For the reasons discussed below, the court now recommends that the action be dismissed

8    with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's discovery

9    conduct, failure to prosecute the case, and failure to comply with the Local Rules and court

10   orders.

11   BACKGROUND

12           According to the operative first amended complaint, plaintiff, a licensed attorney, doctor,

13   and veterinarian, alleges that the United States Office of Foreign Assets Control ("OFAC")

14   improperly put plaintiff on a designated terrorist list based on his Palestinian descent.  Plaintiff

15   asserts that several credit or consumer reporting agencies, including defendants Corelogic,

16   Equifax, Experian, and Trans Union, then reported plaintiff's alleged listing as a designated

17   terrorist on credit reports issued to lenders, banks, and other entities, resulting in plaintiff being

18   denied credit, losing properties, losing income, being driven into bankruptcy, and losing his

19   reputation in the medical and legal communities.  Plaintiff contends that the credit agencies failed

20   to follow reasonable procedures and conduct proper investigations to ensure the accuracy of the

21   information in their credit reports, failed to delete inaccurate information from their credit reports,

22   and relied on sources known to be unreliable.  The first amended complaint asserts claims for

23   violations of the federal Fair Credit Reporting Act, as well as state statutory and common law tort

24   claims, against defendants Corelogic, Equifax, Experian, and Trans Union.  (See generally ECF

25   No. 38.)  Plaintiff previously also named OFAC, Adam Szubin (as director of OFAC), and Eric

26   Holder (as Attorney General of the United States) as defendants, but they were dismissed from

27

28   _____
     [2] Non-moving defendant Equifax Inc. ("Equifax") did not appear at the hearing.

1   the case with prejudice on February 10, 2014.  (ECF No. 28.)

2          On November 20, 2014, after all remaining defendants answered the first amended

3   complaint (ECF Nos. 43, 44, 46, 59), the assigned district judge issued a pretrial scheduling order

4   requiring initial disclosures to be completed within fourteen (14) days, i.e., by December 4, 2014.

5   (ECF No. 67.)  The pretrial scheduling order also requires discovery to be completed by March

6   27, 2015.  (Id.)  The order explains that the word "completed" means that "all discovery shall

7   have been conducted so that all depositions have been taken and any disputes relative to

8   discovery shall have been resolved by appropriate order if necessary and, where discovery has

9   been ordered, the order has been obeyed."  (Id.)

10         On February 12, 2015, Experian filed a motion to compel plaintiff's responses to

11  Experian's interrogatories and requests for production of documents.  (ECF No. 73.)  The

12  interrogatories and requests for production of documents were served on December 2, 2014, but

13  to date, no written responses or responsive documents have been provided.  According to

14  Experian, plaintiff also failed to respond to Experian's counsel's attempts to meet and confer via

15  e-mail and letter concerning the outstanding discovery responses.  (See ECF No. 73-2.)[3]  In light

16  of plaintiff's complete failure to respond to Experian's discovery requests, and pursuant to Local

17  Rule 251(e), the motion was noticed for hearing on February 26, 2015 (on 14 days' notice),

18  requiring any response to the motion to be filed not later than seven (7) days before the hearing

19  date, i.e., by February 19, 2015.  See L.R. 251(e).  Plaintiff failed to respond to Experian's motion

20  by that deadline.

21         Furthermore, on February 13, 2015, Corelogic filed motions to compel plaintiff's

22  responses to its requests for production of documents and two sets of interrogatories, as well as a

23  motion to compel plaintiff to provide initial disclosures in accordance with the district judge's

24  scheduling order.  (ECF Nos. 74, 75, 76, 77.)  Corelogic also seeks preclusion sanctions.  (ECF

25  ─────────────────
    [3] The only communication from plaintiff was a telephone call on February 3, 2015, from
26  plaintiff's paralegal to Experian's counsel's secretary, requesting that another copy of Experian's
    interrogatories be sent to plaintiff by fax.  Another copy was provided the next day.  (ECF No.
27  73-2.)  At the March 5, 2015 hearing, Experian's counsel confirmed that she had had no further
    communication from plaintiff concerning the outstanding discovery.
28

3

No. 77.)  Those motions were initially set for hearing on March 26, 2015.  According to

Corelogic, its requests for production of documents and first set of interrogatories were served on

December 1, 2014, and the second set of interrogatories were served on December 5, 2014, but to

date, no written responses or responsive documents have been provided.  Furthermore, Corelogic

asserts that plaintiff failed to substantively respond to Corelogic's efforts to meet and confer by

letter and telephone.  (See ECF Nos. 74-2, 75-2, 76-2, 77-2.)[4]

In light of plaintiff's discovery conduct thus far, plaintiff's failure to respond to

Experian's motion in accordance with the Local Rules, and the imminently approaching March

27, 2015 fact discovery completion deadline, the court on February 23, 2015 continued the

February 26, 2015 hearing on Experian's motion, and advanced the March 26, 2015 hearing on

Corelogic's motions, to March 5, 2015.  (ECF No. 78.)  Plaintiff was directed to file a response to

the pending motions to compel no later than March 2, 2015, at 5:00 p.m.  (Id.)  Plaintiff was

further ordered to show cause, in writing, why the action should not be dismissed based on

plaintiff's discovery conduct and failure to prosecute the case, with plaintiff's response to the

order to show cause due no later than March 2, 2015, at 5:00 p.m.  (Id.)  Finally, plaintiff was

ordered to appear in person at the March 5, 2015 hearing.  (Id.)  The order specifically cautioned

plaintiff that "[f]ailure to strictly comply with the terms and deadlines of this order may result in

the imposition of sanctions, including a recommendation of dismissal of the action pursuant to

Federal Rule of Civil Procedure 41(b)."  (Id.)

By issuing the February 23, 2015 order and order to show cause, and setting the March 5,

2015 hearing, the court hoped to:  (a) provide plaintiff with an opportunity to explain his conduct

thus far in person; (b) impress upon plaintiff the importance of complying with court procedures

---

[4] Corelogic indicates that plaintiff left Corelogic's counsel a voicemail message on January 28, 2015, stating that plaintiff intended to respond to the interrogatories and requesting a return call. However, Corelogic was subsequently unable to reach plaintiff on the phone.  Additionally, on February 3, 2015, plaintiff's office again contacted the office of Corelogic's counsel, requesting another copy of the interrogatories, which was forwarded to plaintiff's office that same day.  (See ECF Nos. 74-2, 75-2, 76-2, 77-2.)  At the March 5, 2015 hearing, Corelogic's counsel confirmed that she had had no further communication from plaintiff concerning the outstanding discovery.

1  and deadlines; and (c) attempt to salvage discovery in this matter and to avoid the harsh sanction

2  of dismissal.

3      However, as noted above, plaintiff ultimately spurned the court's efforts by failing to

4  respond to the pending motions to compel as required by the court's order, failing to respond to

5  the court's order to show cause, and failing to appear at the March 5, 2015 hearing.[5]  Plaintiff did

6  not request an extension of time to comply with the court's orders, even advise the court that he

7  would not be appearing at the hearing, or in any way communicate with the court.[6]

8  DISCUSSION

9      In light of the above events, the court recommends dismissal of the action with prejudice

10  pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183.

11      Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

12  with these Rules or with any order of the Court may be grounds for imposition by the Court of

13  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

14  Moreover, Eastern District Local Rule 183(a) provides, in part:

15          Any individual representing himself or herself without an attorney
            is bound by the Federal Rules of Civil or Criminal Procedure, these
16          Rules, and all other applicable law.  All obligations placed on
            "counsel" by these Rules apply to individuals appearing in propria
17

_____

18  [5] Thus far, the court's orders have not been returned to the court as undeliverable.  Nevertheless,
    even if they had been, it is plaintiff's duty to keep the court informed of his current address, and
19  service of the court's orders at the address on record was effective absent the filing of a notice of
    change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and
20  pro se party is under a continuing duty to notify the Clerk and all other parties of any change of
    address or telephone number of the attorney or the pro se party.  Absent such notice, service of
21  documents at the prior address of the attorney or pro se party shall be fully effective."

22  [6] At the March 5, 2015 hearing, Trans Union's counsel informed the court that, although Trans
23  Union had not moved to compel, plaintiff's discovery responses to Trans Union are likewise
    overdue by several months.  The day before the hearing, Equifax also filed a joinder in the
24  pending motions to compel, indicating that plaintiff had thus far failed to respond to various
    discovery requests propounded by Equifax in May of 2014, and that plaintiff had also failed to
25  respond to Equifax's written correspondence and phone calls concerning the outstanding
26  discovery.  (See ECF No. 81.)  Although the contentions by Trans Union and Equifax, which
    appear consistent with the contentions of the other defendants, would further support the court's
27  recommendation of dismissal, the court does not base its recommendation on such contentions,
    because they were not made in the context of a properly-noticed motion to which plaintiff had an
28  opportunity to respond.

5

1
2

> persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

3   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

4   same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

5   accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

6   case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

7   or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

8   court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

9   court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

10  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

11  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

12  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

13  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

14  proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

15  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

16  failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

17  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

18  control their dockets and may impose sanctions including dismissal or default).

19      A court must weigh five factors in determining whether to dismiss a case for failure to

20  prosecute, failure to comply with a court order, or failure to comply with a district court's local

21  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

22
23
24

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

25  Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.

26  Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that

27  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

28  way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

1    Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  Although involuntary dismissal can be a harsh

2    remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

3          Here, the first two Ferdik factors strongly support dismissal.  As outlined above, plaintiff

4    has failed to respond to numerous discovery requests, failed to provide initial disclosures in

5    accordance with the district judge's order, failed to respond to defendants' motions to compel in

6    accordance with the Local Rules and the court's order, failed to respond to the court's order to

7    show cause, and failed to appear in person at the March 5, 2015 hearing as ordered by the court.

8    Indeed, it appears that plaintiff has little interest in prosecuting this action and following court

9    rules and orders, and has effectively abandoned the action.  Plaintiff's conduct is particularly

10   egregious, because, even though he represents himself, he is a member of this court's bar and a

11   licensed attorney in active status with the California Bar.  Thus, the public's interest in

12   expeditious resolution of litigation and the court's need to manage its docket strongly militate in

13   favor of dismissal.

14         The third Ferdik factor, prejudice to the defendants, also favors dismissal.  Plaintiff's

15   failure to respond to written discovery has significantly hampered defendants' efforts to ascertain

16   and understand the basis of plaintiff's claims, and develop their defenses in the case, particularly

17   given the impending March 27, 2015 discovery completion deadline.  Defendants assert that they

18   are unable to effectively depose plaintiff without having received at least some written discovery

19   responses, and that insufficient time remains to get all discovery completed.  Unreasonable delay

20   is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,

21   460 F.3d at 1227.

22         The fifth Ferdik factor, which considers the availability of less drastic measures, also

23   supports dismissal of this action.  Here, the court has actually pursued remedies that are less

24   drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132

25   (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually

26   tries alternatives before employing the ultimate sanction of dismissal").  As outlined above, the

27   court attempted to salvage discovery and avoid dismissal by setting the March 5, 2015 hearing, at

28   which the court anticipated assisting the parties with scheduling future discovery in an effort to

1    complete discovery prior to the discovery completion deadline.  Additionally, the court issued an

2    order to show cause, providing plaintiff with an opportunity to explain his past failures in writing

3    and in person at the hearing.  As noted above, plaintiff neither responded to the court's orders nor

4    appeared at the March 5, 2015 hearing, despite the court's clear cautionary instruction that failure

5    to comply may result in dismissal of the action.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur

6    decisions also suggest that a district court's warning to a party that his failure to obey the court's

7    order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing

8    Malone, 833 F.2d at 132-33).  Furthermore, the court has carefully considered whether lesser

9    sanctions, such as monetary sanctions, may be effective in this case.  However, because plaintiff

10   has entirely ignored the court's orders thus far, the court has no reason to believe that plaintiff

11   would pay any monetary sanctions if ordered to do so.  As such, the imposition of monetary

12   sanctions would be futile.  In any event, monetary sanctions would do little to address the

13   potential prejudice to defendants resulting from plaintiff's actions.

14         The court also recognizes the importance of giving due weight to the fourth Ferdik factor,

15   which addresses the public policy favoring disposition of cases on the merits.  However, for the

16   reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

17   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

18   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

19   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

20   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

21   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

22   anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with

23   the court's orders, the Local Rules, and the Federal Rules of Civil Procedure.

24   CONCLUSION

25         Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

26         1.  The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure

27             41(b).

28         2.  The Clerk of Court be directed to close this case.

8

IT IS ALSO HEREBY ORDERED that:

1.  The pending motions to compel (ECF Nos. 73, 74, 75, 76, 77) be denied without prejudice as moot.

2.  In the event that the case is not ultimately dismissed, defendants may renew their motions to compel, at which point the court may also revisit the issue of monetary or other appropriate sanctions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  March 5, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE