UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN C. HASSAN,

Plaintiff,

v.

CORELOGIC CREDCO, et al.,

Defendants.

No.  2:13-cv-01942-KJM-KJN

ORDER

Allen Hassan seeks reconsideration of this court's order dismissing his lawsuit because he abandoned the litigation.  The matter was submitted for decision without a hearing. As explained below, the motion is denied.

I.      BACKGROUND

In September 2013, Hassan filed his complaint, ECF No. 1, which he amended in July 2014 following dismissal with leave to amend, *see* Order June 16, 2014, ECF No. 37; First Am. Compl., ECF No. 38.  At the time he was not represented by separate counsel, but the docket of the case confirmed his self-representation through the Allen Hassan Law Office, and he was designated as an attorney to be noticed.  His complaint alleged the United States Office of Foreign Assets Control improperly added his name to a list of designated terrorists, and as a result, several credit and consumer reporting agencies reported his terrorist status to a variety of

1

1    banks and other lenders.  *See generally* First Am. Compl., ECF No. 38.  The result was his

2    personal and professional ruin.  *Id.*

3              The defendants who were not dismissed answered the complaint, ECF Nos. 43, 44,

4    46, 59, and the court issued a pretrial scheduling order in November 2014, ECF No. 67.  In early

5    2015, Hassan did not respond to the defendants' discovery requests, which led to the filing of

6    several motions to compel.  *See* ECF Nos. 73, 74, 75, 76, 77.  Hassan did not respond to the

7    motions either.  In February 2015, the assigned magistrate judge ordered Hassan to respond to the

8    defendants' motions and show cause why the case should not be dismissed.  ECF No. 78.  The

9    magistrate judge also ordered Hassan to appear in person at a hearing in March 2015, and warned

10   him that his failure to comply could lead to sanctions, including the dismissal of his case.  *Id.*

11             Hassan did not respond to the order and did not appear at the hearing.  *See*

12   Minutes, ECF No. 82.  After considering the factors identified by the Ninth Circuit in *Ferdik v.*

13   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), the magistrate judge recommended the case be

14   dismissed with prejudice.  ECF No. 83.  Hassan responded with objections, arguing his actions

15   had led to no unreasonable delay, Objections 2–3, ECF No. 87 (citing, *inter alia*, *Nealy v. Transp.*

16   *Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)), and protesting that he had not

17   received the magistrate judge's orders due to, in his words, a "Systems Failure," *id.* at 3–4.  He

18   also requested lenient treatment in light of his pro se status, upcoming mediation, medical

19   difficulties, recent charges against him by the California Medical Board, and an otherwise busy

20   schedule.  *Id.* at 4–6.  He reported his staff would complete responses to the defendants'

21   outstanding discovery requests within about a week.  *Id.* at 6.  But he did not submit discovery

22   responses as promised.

23             On April 20, 2015, this court adopted the magistrate judge's findings and

24   recommendations in full.  ECF No. 100.  In response to Hassan's objections, the court noted that

25   although he was not represented by separate counsel in this action, he was an attorney and had

26   been able to use the CM/ECF system without complaint.  *Id.* at 2.  The court also found Hassan

27   had offered no explanation for his failure to respond to a single discovery request and had not

28

                                                    2

1   sought extensions of time to address personal emergencies.  *Id.*  The action was dismissed with

2   prejudice and judgment was entered.  *Id.* at 3; Judgment, ECF No. 101.

3          Hassan filed an appeal, which was dismissed as untimely.  ECF No. 105 (citing 29

4   U.S.C. § 2107(b), *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007)).  On January 29,

5   2016, Hassan moved for reconsideration in this court, now represented by a separate attorney.

6   ECF No. 107.  The defendants opposed the motion.  ECF Nos. 108, 109, 111, 112, 113.  No reply

7   brief was filed.

8   II.     LEGAL STANDARD

9          As a preliminary matter, although styled as a general motion for reconsideration,

10  Hassan's briefing rightly relies on Federal Rule of Civil Procedure 60(b).  *See* Mem. P. & A.

11  at 7–10, ECF No. 107-1.  Under that rule, a district court may relieve a party from a final

12  judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly

13  discovered evidence, fraud, voidness, satisfaction, or "any other reason that justifies relief."  Fed.

14  R. Civ. P. 60(b)(1)-(6).  The court's decision on a motion for relief under Rule 60(b) is a matter of

15  discretion.  *Lemoge v. United States*, 587 F.3d 1188, 1191–92 (9th Cir. 2009).

16         Motions under Rule 60(b) must be brought within a "reasonable time," and if

17  justified on the basis of mistake, inadvertence, surprise, neglect, new evidence, or fraud, a

18  "reasonable time" cannot exceed one year.  Fed. R. Civ. P. 60(c).  The length of a "reasonable

19  time" differs from case to case and depends on the reasons offered for the delay, the moving

20  party's practical ability to learn the basis of the court's decision, any prejudice that might result to

21  the other litigants, and the general interest in the finality of litigation.  *Lemoge*, 587 F.3d

22  at 1196–97.

23         When, as here, a person requests relief from a judgment that was the result of his

24  or her failure to meet a deadline, the court must apply a four-part test to determine whether the

25  failure may be described as "excusable neglect."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d

26  1253, 1261 (9th Cir. 2010).  The court must examine "(1) the danger of prejudice to the opposing

27  party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the

28  delay; and (4) whether the movant acted in good faith."  *Id.*  The court's decision is "an equitable

1   one, taking account of all relevant circumstances." *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*

2   *Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  This inquiry

3   overlaps the court's consideration of a "reasonable time" under Rule 60(c).  *See id.* at 1196–97

4   (considering the length of a "reasonable time" as the "second factor" of the determination of

5   excusable neglect).

6           Finally, Rule 60(b) allows a court to reconsider its prior orders and correct its own

7   errors.  *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).  But "a

8   Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or

9   which could have been raised in the original briefs."  *San Luis & Delta-Mendota Water Auth. v.*

10  *U.S. Dep't of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009), *aff'd*, 672 F.3d 676 (9th Cir.

11  2012).

12  III.    <u>DISCUSSION</u>

13          Hassan requests relief on the basis of his excusable neglect, inadvertence, or

14  mistake.  *See* Mem. P. & A. at 8.  He explains it was never his intention to be anything more than

15  a pro se litigant.  *Id.*  He acknowledges he is a licensed attorney, but clarifies that at the time he

16  filed his lawsuit he was first and foremost a practicing physician, not a lawyer, and he undertook

17  self-representation in desperation.  Hassan Decl. ¶ 11, ECF No. 107-2.  In any event, he

18  emphasizes that he was eighty years old at the time and suffering personal hardship.  Mem. P. &

19  A. at 8.  In light of these circumstances, he suggests monetary or evidentiary sanctions would

20  have been a more appropriate remedy than outright dismissal.  *Id.* at 9–10.

21          The motion cannot be granted on these grounds.  First, it was not brought within a

22  "reasonable time," as required by Rule 60(c).  At issue here is the delay between April 20, 2015,

23  when judgment was entered, and January 29, 2016, when Hassan brought this motion.  A delay of

24  this length is not necessarily unreasonable, *see, e.g.*, *Lemoge*, 587 F.3d at 1197 (a seven-month

25  delay was reasonable), but the circumstances of this case do not support Hassan's position.  The

26  similarity between this motion and his objections to the magistrate judge's findings and

27  recommendations show he was aware of the basis of this court's order and the judgment.

28  *Compare* Objections at 3–6 (requesting treatment as a pro se litigant, advocating for a lesser

4

1   sanction than dismissal, and emphasizing traumatic personal and professional circumstances) *with*

2   Mem. P. & A. at 1–6 (emphasizing traumatic personal and professional circumstances) *and id.* at

3   8–10 (requesting treatment as a pro se litigant and advocating for a lesser sanction than

4   dismissal).  His motion also presents no explanation for his delay.  It cannot be ascribed to

5   continued medical problems, which Hassan asserts were successfully addressed in 2011.  *See*

6   Mem. P. & A. at 5:10–13.  He also appears to suggest that proceedings before the California

7   Medical Board prevented him from advancing his case, but he does not explain how these

8   proceedings prevented him from actively litigating in 2015 and 2016.  *See id.* at 4–6.  Granting

9   his motion would also prejudice the defendants, who to this day have received no discovery

10  responses at all.

11       Second, Hassan has not demonstrated he is entitled to relief under the substantive

12  test of Rule 60(b).  The four-part test described in *Ahanchian* and *Lemoge* does not favor

13  Hassan's motion.  Should the motion be granted, the defendants will likely suffer the costs of

14  delayed, uncertain, and stale discovery concerning events that occurred as long as fifteen years

15  ago.  *See* Mem. P. & A. at 3–5.  As discussed in the previous paragraph, Hassan has not shown

16  his lengthy delay in seeking relief from judgment was reasonable.  His explanations for his failure

17  to meet discovery deadlines are only that he had no calendaring system and expected to receive

18  physical rather than electronic copies of this court's orders.  *See* Hassan Decl. ¶ 12.  But as

19  described in the court's order adopting the magistrate judge's findings and recommendations, this

20  explanation lacks persuasive force.  *See* Order Apr. 20, 2015, ECF No. 100.  Hassan used the

21  CM/ECF system and never protested electronic service.  *Id.* at 2.  He informed neither the court

22  nor the defendants of his personal emergencies, he requested no continuances, and he did not

23  consult with opposing counsel about the case schedule or their discovery requests.

24       Third, Hassan's motion essentially reiterates the arguments he raised in objection

25  to the magistrate judge's findings and recommendations.  The court could not subscribe to those

26  arguments at that stage, and cannot now.  The magistrate judge's findings and recommendations

27  weighed dismissal under the analysis described by the Ninth Circuit's decision in *Ferdik v.*

28  *Bonzelet*, 963 F.2d at 1260–61, and concluded dismissal was an appropriate sanction.  In the face

of Hassan's silence, both in response to discovery requests and the magistrate judge's orders, the court finds again that dismissal was an appropriate sanction.

IV.     <u>CONCLUSION</u>

The motion is DENIED.  This order resolves ECF No. 107.

IT IS SO ORDERED.

DATED:  March 17, 2016.

UNITED STATES DISTRICT JUDGE